IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| RICKY LEE WEBB, | |
| Petitioner, | |
| vs. | No. 1:13-1130-JDB-egb |
| HENRY STEWARD, | |
| Respondent. | |

---

ORDER ON PENDING MOTIONS,
ORDER OF PARTIAL DISMISSAL,
TRANSFERRING SUCCESSIVE PETITION
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
PURSUANT TO 28 U.S.C. § 2244(b)(3)
AND
CLOSING CASE

---

On May 6, 2013, Petitioner, Ricky Lee Webb, Tennessee Department of Correction prisoner number 84686, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* Petitioner [sic] Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), accompanied by a Motion for Appointment of Counsel. (Docket Entries ("D.E.") 1 & 2.) Webb paid the habeas filing fee. (D.E. 3.) The Clerk shall record the respondent as NWCX Warden Henry Steward.

"The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application

for writ of habeas corpus, which is a civil proceeding." Staple v. Lafler, No. 07-cv-12542, 2010 WL 3341530, at *2 (E.D. Mich. Aug. 24, 2010); see also Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (same, collecting cases). There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); see also 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

> In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record,

>      a district court does not abuse its discretion in denying
>      a request for court-appointed counsel.

Hoggard, 29 F.3d at 471 (citations omitted).

Because the Court is unable to address the merits of this § 2254 Petition for the reasons stated *infra*, the motion for appointment of counsel is DENIED.

On July 5, 2013, Petitioner filed a Motion to [sic] Leave for his First Amended Petition. (D.E. 5.) Although the motion refers to an attached First Amended Petition, a copy of the amendment has not been submitted. Thus, leave to amend is DENIED.

Webb is serving two life sentences for the first degree murder and rape of Charlotte Blurton on September 22, 1976.

>      Petitioner was convicted on October 21, 1983, in the
> Law Court of Gibson County, Tennessee, of first degree
> murder and rape. He was sentenced to life imprisonment
> for each offense, ordered to run consecutively.
> Subsequently, on direct appeal in the Tennessee Court of
> Criminal Appeals, Petitioner raised two issues: 1)
> whether the trial court erred in not granting a change of
> venue; and 2) whether there was insufficient
> corroboration of an accomplice's testimony to support a
> conviction. The Court of Criminal Appeals affirmed the
> conviction on December 1, 1983. Petitioner raised the
> same issues in his application for permission to appeal
> to the Tennessee Supreme Court, which was denied on March
> 12, 1984.
>
>      Tennessee Code Annotated § 40-30-102 provides that
> petitions for post-conviction relief must be filed within
> three years of the final action of the highest state
> court to which an appeal was taken. On June 22, 1989,
> more than four years after the Tennessee Supreme Court
> denied his application for permission to appeal,
> Petitioner filed a "Petition for Post-Conviction Relief
> Filing To Be Held in Abeyance" in the state court,
> seeking an extension of the three year statute of
> limitations in § 40-30-102. In the petition, he stated

his intention to raise a claim of ineffective assistance of counsel. Petitioner's request for an extension of time was denied by the trial court; Petitioner subsequently appealed the denial to the Tennessee Court of Criminal Appeals. The appellate court dismissed the appeal on February 21, 1991, holding that the trial court's denial of Petitioner's request for an extension of time was not an appealable final judgment within the meaning of Tenn. R. App. P. 3(b).

(Webb v. Compton, No. 92-1208-JDT (W.D. Tenn. Feb. 5, 1993), D.E. 11.)[1]

On October 16, 1992, Webb filed a petition pursuant to 28 U.S.C. § 2254 in this district. The issues presented were:

1. Whether the trial court denied Petitioner due process of law by committing error in not granting the Petitioner a change of venue;

2. Whether the trial court committed error in not granting Petitioner's motion for judgment of acquittal at the conclusion of the State's proof where the evidence did not support the verdict; and

3. Whether Petitioner had ineffective assistance of counsel in the trial court by his attorney's failure to make appropriate motions.

(Id., D.E. 1.) After receiving a response from the State, United States District Judge James D. Todd issued an order on February 5, 1993, granting in part and denying in part the State's motion to

---

[1] Webb's convictions in an earlier trial were reversed on appeal. State v. Webb, 625 S.W.2d 281 (Tenn. Crim. App. 1980), aff'd, 625 S.W.2d 259 (Tenn. 1981), cert. denied sub nom. Tenn. v. Webb, 456 U.S. 910, 102 S. Ct. 1760, 72 L. Ed. 2d 168 (1982).

4

dismiss the petition as barred by procedural default. Judge Todd dismissed Claim 3 as barred by procedural default but directed the State to address the merits of Claims 1 and 2. (Id. at 3—4.) After the State filed its Answer, on April 27, 1993, Judge Todd dismissed the § 2254 petition. (Id., D.E. 14.) He concluded that Claims 1 and 2 were not cognizable in a § 2254 petition because they presented state-law issues. (Id. at 2—3.) Judgment was entered on April 28, 1993. (Id., D.E. 15.) Webb did not appeal.

In the instant § 2254 Petition, the inmate presents the following issues:

1. Whether the trial judge abused his discretion by denying a change of venue (D.E. 1 at 3—7);

2. Whether the trial judge erred by denying Petitioner's motion for acquittal at the conclusion of the State's proof (id. at 7—10); and

3. Whether the Petitioner is factually innocent, and his attorneys failed properly to present this issue (id. at 10—11).

State prisoners ordinarily may file only one § 2254 petition. There are severe restrictions on a district court's ability to consider "second or successive" petitions:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)–(2). Issues 1 and 2 were presented in Webb's first § 2254 petition and, therefore, they are DISMISSED pursuant to 28 U.S.C. § 2244(b)(1). Issue 3 has not been presented in a previous § 2254 petition.

The successive § 2254 petition cannot be considered by this Court unless Petitioner first obtains permission from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also United States v. Bender, 96 F. App'x 344, 345 (6th Cir. 2004) ("the Rule 60(b) motion was properly construed as a second or successive motion to vacate his sentence under § 2255 and his case was properly transferred to our court for an initial determination as to whether he should be allowed to file such a motion"). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district

court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Webb has not sought, or obtained, authorization from the appellate court to file this petition.

Therefore, under Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this petition to the United States Court of Appeals for the Sixth Circuit.

The Clerk is directed to close this case without entry of a judgment.

IT IS SO ORDERED this 19th day of December, 2013.

                                            s/J. DANIEL BREEN
                                            CHIEF UNITED STATES DISTRICT JUDGE